IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 14-cr-00161-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GEOFFREY H. LUNN,

      Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION
TO VACATE CURRENT DEADLINES AND TRIAL DATE, AND TO EXCLUDE
180 DAYS FROM THE SPEEDY TRIAL COMPUTATIONS**
_____

      Gregory Lunn, by and through undersigned counsel, hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 180 days from the Speedy Trial Act Computations, and in support thereof, states as follows:

**I.    Procedural Background**

      1.    On April 22, 2014, a 19 Count Indictment was filed against Mr. Lunn, charging wire fraud in violation of 18 U.S.C. § 1343, and monetary transactions in criminally deprived property, in violation of 18 U.S.C. § 1957.

      2.    On April 24, 2014, Mr. Lunn was arraigned on the Indictment and entered pleas of not guilty.

      3.    This Court has set a May 9, 2014 deadline for filing pretrial motions.  The Court has also set a motions hearing setting conference for May 28, 2014, and a final trial preparation conference for June 25, 2014.  A 7-day jury trial is set to commence on June 30, 2014.  The discovery conference memorandum contains additional deadlines.

## II.     Standard for Continuances

4.     18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(I) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

5.     In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

6.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*,

828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

### III.     Argument

7.      This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, Mr. Lunn requests that this Court continue the trial, vacate current deadlines, and exclude 180 days from the speedy trial calculations.

**A.     This case satisfies the requirements of 18 U.S.C. § 3161(h)(7).**

8.      Failure to grant the continuance in this case will result in a miscarriage of justice and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.      The Indictment alleges a complex fraudulent scheme lasting at least one year.[1]  The Indictment charges 19 counts.  The very nature of the Indictment demonstrates that this case is far more complex than the typical criminal case.

10.     Complete discovery has not yet been provided, but counsel has been informed that discovery will likely be approximately 30,000 pages.  Undersigned counsel

---

[1] Again, Mr. Lunn has entered a not guilty plea to the Indictment.  The allegations are simply being recited to explain the need for a continuance.

3

has begun reviewing the discovery that has been provided. While counsel has only begun reviewing the discovery and each case is different, in counsel's experience, white collar cases typically involve numerous civilian witnesses with no connections to law enforcement. Such witnesses often need to be located and interviewed, and background investigation may need to be conducted on the witnesses. In this case, counsel has been informed that many of the potential witnesses are scattered throughout the country and some are even located in foreign countries.

11. In addition, while each case is different, in undersigned counsel's experience, white collar cases like that alleged here typically involve numerous pretrial motions and often involve the retention of expert witnesses. Given the volume of discovery in this case, the defense cannot reasonably review all of the discovery, analyze potential defenses and the need for expert witnesses, interview and retain any expert witnesses, and disclose such witnesses by the current trial date and expert disclosure deadlines. To provide effective representation, a continuance of the deadline is needed.

12. As reference, the allegations in this case also resulted in a separate Securities and Exchange Commission investigation and civil proceedings. Those proceedings lasted approximately 18 months before they were stayed as a result of the criminal matter. *See SEC v. Lunn*, 12-cv-02767-RM-BNB.

13. Given the sheer volume of anticipated discovery, the fact that numerous witnesses may need to be located and background investigations may need to be conducted on those witnesses, and that pretrial motions will need to be researched and

evaluated, the defense cannot with due diligence file pretrial motions and be ready for trial by the current deadlines. If a continuance is not granted, a miscarriage of justice would result and undersigned counsel would be denied the reasonable time necessary for effective preparation. In contrast, granting the continuance would enable counsel sufficient time to review discovery, research motions, and investigate potential witnesses.

### B.     The *West* factors support a continuance of the trial date.

14.     The *West* factors likewise support a continuance of the trial date. First, counsel for Mr. Lunn has been diligent in pursuing Mr. Lunn's defense. Counsel has met with Mr. Lunn, discussed the case with the government and reviewed the discovery that has been provided.

15.     Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. The defense requests a continuance so that the defense will have sufficient time to review discovery, investigate the case, and research pretrial motions. The defense believes that 180 days will be sufficient time to complete these tasks.

16.     Third, the inconvenience to the opposing party, the witnesses and the Court will be minimal. Undersigned counsel has conferred with counsel for the government and the government does not oppose this motion. Moreover, because the trial date has only recently been set, last minute scheduling changes need not be made.

17.     Finally, the need for the continuance is great. Until all discovery has been reviewed, the necessary investigation has been completed, and pretrial motions have

been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.

    WHEREFORE, the defense respectfully requests that this Court issue an Order vacating all current deadlines and the trial date and excluding 180 days from the speedy trial time limitations.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender, Interim


    s/ Scott T. Varholak
    SCOTT T. VARHOLAK
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Scott_Varholak@fd.org
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Kenneth Harmon, Assistant U.S. Attorney
      Email: Kennth.Harmon@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Geoffrey Lunn      (via Mail)

      s/ Scott T. Varholak
      SCOTT T. VARHOLAK
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      Scott_Varholak@fd.org
      Attorney for Defendant