IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 14-cr-00161-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GEOFFREY H. LUNN,

      Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION
TO CONTINUE THE CHANGE OF PLEA DATE**
_____

      Geoffrey Lunn, by and through undersigned counsel, hereby moves to continue the April 24, 2015 change of plea date, and in support thereof, states as follows:

1. On December 15, 2015, the defense filed a notice of disposition indicating that an agreement had been reached in this matter. At the time, the plea agreement was not finalized, but the parties had put in a letter agreement the basic terms of the deal.

2. The government twice moved to continue the change of plea date. In its continuance motions, the government represented that it had not yet finalized the written plea agreement. The Court granted both motions. The change of plea date is currently set for April 24, 2015, at 1:30 p.m. Per local rule, the plea documents are due to the Court today by 1:30 p.m.

3. Yesterday, at 4:53 p.m., the defense received the first completed draft of the plea agreement. This draft plea agreement is 35 pages in length. The fact section alone is 18 pages long.

4. Obviously, the plea agreement is a critical document and counsel needs to ensure that: (1) the representations and agreements are accurate and what the parties had agreed to, and (2) the factual recitations are correct. Ensuring that the factual recitations are correct requires counsel to compare those recitations with the extensive discovery provided in this case. Counsel spent time last night reviewing the plea agreement, but does not feel comfortable that a thorough review of the plea agreement can be completed in the approximately 20 hours between the time the plea agreement was provided and the deadline for providing it to the Court.

5. In addition, counsel will need to review the plea agreement with Mr. Lunn and make sure that Mr. Lunn agrees with the factual recitations. Given the length and complexity of the plea agreement, counsel believes that Mr. Lunn should have more than a few days between first receiving the plea agreement and entering a plea of guilty. This additional time is needed so that Mr. Lunn can absorb the contents of the plea agreement and ask any questions that he may have.

6. Undersigned counsel has spoken with Assistant United States Attorney Harmon and Mr. Harmon does not oppose this continuance.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Kenneth Harmon, Assistant U.S. Attorney
      Email: Kennth.Harmon@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Geoffrey Lunn      (via Mail)

      s/ Scott T. Varholak
      SCOTT T. VARHOLAK
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      Scott_Varholak@fd.org
      Attorney for Defendant