IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 14-CR-00161-REB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GEOFFREY H. LUNN,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Change of Plea)

_____

        Proceedings before the HONORABLE ROBERT E. BLACKBURN,

Judge, United States District Court for the District of

Colorado, commencing at 11:04 a.m., on the 14th day of May,

2015, in Courtroom A1001, United States Courthouse, Denver,

Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
    Produced via Computer by Tracy Weir, 901 19th Street,
    Room A258, Denver, Colorado, 80294, (303) 298-1207

**APPEARANCES**

1

2       KENNETH HARMON, Assistant U.S. Attorney, 1225 17th

3 Street, Suite 700, Denver, Colorado, 80202, appearing for the

4 plaintiff.

5       SCOTT VARHOLAK, Assistant Federal Public Defender ,

6 633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing

7 for the defendant.

8                 *   *   *   *   *

9                 **PROCEEDINGS**

10       (In open court at 11:04.)

11       *THE COURT:*  Good morning, and thank you.  Please be

12 seated.

13       This is case 14-cr-00161, United States of America

14 versus Geoffrey H. Lunn, defendant.

15       The matter is before this Court for change of plea

16 hearing precipitated by the timely filing of Notice of

17 Disposition by and on behalf of Mr. Lunn.

18       At this time, the Government appears by assistant

19 United States attorney, Kenneth Harmon.

20       *MR. HARMON:*  Good morning, Your Honor.  With me is FBI

21 Special Agent Kristen Varel.

22       *THE COURT:*  Good morning.

23       The defendant, Mr. Geoffrey H. Lunn, is present in

24 person together with his attorney, Scott Varholak.  Good

25 morning.

1          MR. VARHOLAK:  Good morning.

2          THE DEFENDANT:  Good morning.

3          THE COURT:  The Court has read the plea agreement of

4    the parties.  Importantly, it includes the documents required

5    under the local rules of this United States District Court.

6    Thus, for the record there is a plea agreement and statement of

7    facts relevant to sentencing marked as Court's Exhibit 1 and a

8    statement by defendant in advance of plea of guilty marked as

9    Court's Exhibit 2.  Importantly, the originals of Court's

10   Exhibits 1 and 2 should remain with Mr. Lunn throughout this

11   change of plea hearing.

12          At this time, I respectfully request that Mr. Lunn and

13   his attorney report to the podium, please.  Gentlemen, I thank

14   you both.

15          Mr. Lunn, again good morning.  Please raise your right

16   hand now to be sworn by this Court, and thank you.

17          (Defendant sworn.)

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Thank you.

20          Mr. Lunn, your oath is both important and solemn.

21   Please understand that if you make a false statement to me

22   during this change of plea hearing, any false statement could

23   be used against you by the Government in another criminal case

24   in federal court on the charge of perjury, or making a false

25   statement.  Do you understand that?

1    *THE DEFENDANT:*  I understand, Your Honor.

2    *THE COURT:*  This change of plea hearing is a

3    critically important hearing for you in your case so, of

4    course, please pay close attention.  In fact, if you fail to

5    hear or understand something that I say or ask during the

6    hearing, or if you have questions or concerns during the

7    hearing, please make those important matters known to me,

8    either directly or with the help of your attorney,

9    Mr. Varholak.  Will you do that?

10    *THE DEFENDANT:*  Yes, Your Honor.

11    *THE COURT:*  During this change of plea hearing, as I

12    repeatedly use the term "plea agreement" or "written plea

13    agreement," please understand that when I do I'm referring to

14    your plea agreement as it is now stated in writing in the

15    originals of these Court's Exhibits 1 and 2, which are in your

16    possession.  Do you understand that?

17    *THE DEFENDANT:*  Yes, Your Honor.

18    *THE COURT:*  Mr. Lunn, how old are you?

19    *THE DEFENDANT:*  59.

20    *THE COURT:*  How many years of formal education do you

21    have?

22    *THE DEFENDANT:*  I have a bachelor's degree in French.

23    *THE COURT:*  Do you have any problems reading, writing,

24    speaking, or understanding English?

25    *THE DEFENDANT:*  No, I do not.

1          *THE COURT:*  Are you currently under the influence of

2     or impaired in any way by drugs, narcotics, alcohol,

3     medications, or any intoxicant?

4          *THE DEFENDANT:*  None, Your Honor.

5          *THE COURT:*  To your knowledge, do you now suffer from

6     a diagnosed form of mental illness or emotional disability?

7          *THE DEFENDANT:*  No, Your Honor.

8          *THE COURT:*  Is there anything about the way you feel

9     this morning physically, emotionally, or otherwise that somehow

10    prevents you from clearly understanding these proceedings?

11         *THE DEFENDANT:*  No, Your Honor.

12         *THE COURT:*  Mr. Lunn, importantly, are you prepared to

13    proceed?

14         *THE DEFENDANT:*  Yes, Your Honor.

15         *THE COURT:*  Your attorney, Mr. Scott Varholak, is with

16    you at the podium, literally by your side.  Did Mr. Varholak

17    have your authority and consent to engage in plea bargaining

18    for you with the attorney for the Government?

19         *THE DEFENDANT:*  Yes, he did, Your Honor.

20         *THE COURT:*  Very well.

21         Next, I invite your attention to your copies, if any,

22    of the following three charging documents.  The initial, or

23    original, indictment returned by the grand jury on April 22,

24    2014, document 21, which was superseded by the superseding

25    indictment filed December 16, 2014, as document 37, which, in

1  turn, was superseded by the second superseding indictment filed

2  March 25 this year, 2015, as document 67.

3       I inquire.  Have you received, read, and reviewed

4  carefully and thoroughly those three indictments?

5       THE DEFENDANT:  Yes, I have, Your Honor.

6       THE COURT:  Have you reviewed and discussed those

7  three indictments carefully and thoroughly with your attorney?

8       THE DEFENDANT:  Yes, Your Honor.

9       THE COURT:  Do you understand your plea agreement

10  focuses on pleas of guilty to Counts 8 and 41 of the second

11  superseding indictment and that which is tantamount to an

12  admission of the forfeiture allegation in that second

13  superseding indictment?

14       THE DEFENDANT:  I understand, Your Honor.

15       THE COURT:  Mr. Varholak, does Mr. Lunn demand or

16  waive a formal reading now by the Court of the indictment and

17  superseding indictment?

18       MR. VARHOLAK:  We will waive, Your Honor.

19       THE COURT:  Very well.  One moment, please.  I inquire

20  further, does Mr. Lunn demand or waive a formal reading now by

21  the Court of any of the second superseding indictment,

22  including specifically a reading of Counts 8 and 41 and the

23  forfeiture allegation which are made central and integral to

24  this plea agreement?

25       MR. VARHOLAK:  We will waive, Your Honor.

1          *THE COURT:*  Now, Mr. Lunn, please pay close attention

2     as I now state for the record my understanding of the essential

3     terms of your plea agreement, and they are several.  After I've

4     finished, I'm going to ask you and these attorneys to confirm

5     my understanding.

6          Now, it is no secret.  I'm taking my information about

7     your plea agreement directly from your plea agreement;

8     specifically, Court's Exhibit 1, the original of which is in

9     your possession and, thus, I encourage, exhort you, to follow

10     along.

11          In that regard, I'm beginning with Court's Exhibit 1

12     on page 1 at I entitled, aptly, "Plea Agreement."  Mr. Lunn,

13     this is my understanding of the essential terms of your plea

14     agreement.

15          That during this change of plea hearing you will enter

16     informed, voluntary, knowing, and unconditional pleas of guilty

17     to the crimes charged in Counts 8 and 41 of the second

18     superseding indictment and admit, essentially, the forfeiture

19     allegations of that same second superseding indictment.

20          That in Count 8 you are charged with wire fraud in

21     violation of federal law at 18 U.S.C. Section 1343, and in

22     Count 41 you are charged with monetary transactions in property

23     derived from specified unlawful activity in violation of

24     federal law at 18 U.S.C. Section 1957, also known as money

25     laundering.

1          That you will be convicted of the crimes charged in

2    Counts 8 and 41 of the second superseding indictment.

3          And that you will consent to forfeit all of your

4    right, title, and interest of any kind in all property that may

5    constitute or is derived from proceeds of your commission or

6    involvement in all charged offenses in the second superseding

7    indictment, not just the offenses of conviction, Counts 8 and

8    41.

9          And then there is a list of subparagraphs (a) through

10   (d) of such property.

11         That to accomplish this forfeiture, you agree to waive

12   all legal, constitutional, and equitable rights you may have to

13   such proceedings, and to cooperate with the Government

14   reasonably to effect the forfeiture of all property subject to

15   forfeiture under this plea agreement.

16         Next, that you and the Government agree and stipulate

17   that restitution is mandatory in this case, and that currently

18   you and the Government estimate losses to investors

19   collectively to be approximately $5,124,795.

20         And that eventually restitution for particular victims

21   in particular amounts shall be determined by the Court at

22   sentencing.

23         I'm turning to page 3.

24         That, additionally, you agree to make and pay

25   restitution to Geraldine Kowalcyk, K-O-W-A-L-C-Y-K, your

1   mother-in-law, whose losses are currently believed to be

2   approximately $81,000.

3            That you agree to cooperate fully with the office of

4   the United States Attorney for the District of Colorado, the

5   FBI, and law enforcement and other regulatory authorities

6   designated by them, collectively law enforcement agencies, in

7   the manner specified in subparagraph D.1 on page 3.

8            That you agree further to fully cooperate with those

9   law enforcement agencies in the identification, recovery, and

10  repatriation of assets subject to or otherwise available for

11  forfeiture as already discussed in your plea agreement and by

12  the Court.

13           I'm turning to page 4.

14           That at the time of your sentencing hearing, the

15  Government will move to dismiss with prejudice, which means

16  forever and irrevocably as to you only, the remaining counts of

17  the second superseding indictment in which you are charged, the

18  superseding indictment and the indictment in toto.

19           Additionally, the Government will not prosecute you

20  further for the conduct set forth in those three pending

21  indictments or any other criminal conduct known to the office

22  of the United States Attorney for the District of Colorado as

23  of the date of this plea agreement, which appears to be on or

24  about today's date, May 14, 2015, based on my examination of

25  the signature page 35 of the plea agreement, Court's Exhibit 1.

1        I'm moving now to page 6.

2        That if you cooperate and provide substantial

3   assistance to the Government as contemplated, identified, and

4   specified in your plea agreement on pages 5 and 6 at

5   subparagraph F.4, then the Government, but in its sole

6   exclusive prerogative and discretion, may file a motion for

7   downward departure for substantial assistance under Guideline

8   Section 5K1.1.

9        That may or may not be granted by the Court in whole

10  or in part; again, in the discretion only of the Court.

11       That you and the Government agree jointly to continue

12  your sentencing in this case until after your assistance in the

13  prosecution of other persons and through the provision of

14  testimony in trial proceedings, if necessary.

15       I'm on to page 7.

16       That you agree expressly to the imposition of a

17  condition of supervised release or probation.

18       That you will not act as a fiduciary or be employed in

19  a fiduciary position, and that you will not otherwise be

20  engaged in employment or an occupation involving your

21  solicitation of funds for investment or your custody or control

22  of investor funds.

23       You further agree that conditions of supervised

24  release or probation should include the special conditions

25  identified as subparagraphs (1) through (4) in subparagraph H

1    on page 7.

2           That subject only to the exceptions stated expressly

3    in your plea agreement, you agree to waive, or give up, the

4    important right to appeal to a higher court any sentence I

5    impose and the manner in which I impose that sentence, and to

6    waive and give up the important right to bring a special legal

7    proceeding or action, typically in the nature of habeas corpus,

8    contesting or opposing the circumstances of your prosecution,

9    conviction, and sentencing.

10          And finally, but importantly, the sentences to be

11   imposed in this case are entrusted to my judgment and

12   discretion as the judge in your case.

13          This is my understanding of at least the essential

14   provisions of the plea agreement.  Is my understanding correct

15   from the perspective of the Government, Mr. Harmon?

16          *MR. HARMON:*  Yes, Your Honor.

17          *THE COURT:*  And from that of the defense,

18   Mr. Varholak?

19          *MR. VARHOLAK:*  Yes, Your Honor.

20          *THE COURT:*  Mr. Lunn, from your unique perspective as

21   the defendant, the person charged in this criminal case in

22   federal court, have I got it right?  Have I completely and

23   accurately stated the essential terms of your plea agreement?

24          *THE DEFENDANT:*  You have, Your Honor.

25          *THE COURT:*  Mr. Lunn, I now and next direct your

1    attention to your plea agreement in writing in the originals of

2    Court's Exhibits 1 and 2, which even now remain in your

3    possession.  Have you read your written plea agreement in its

4    entirety?

5              THE DEFENDANT:  Yes, I have, Your Honor.

6              THE COURT:  Did you understand what you read?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Have you reviewed and discussed your

9    written plea agreement in its entirety carefully and thoroughly

10   with your attorney, Mr. Varholak?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Are you now confident and satisfied that

13   you understand everything in your written plea agreement?

14             THE DEFENDANT:  I am, Your Honor.

15             THE COURT:  Conversely, do you now have any questions

16   or concerns about anything in your written plea agreement?

17             THE DEFENDANT:  I do not, Your Honor.

18             THE COURT:  Have you executed, or signed, your written

19   plea agreement; again, speaking of the originals of Court's

20   Exhibits 1 and 2?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  When you signed your written plea

23   agreement, Court's Exhibits 1 and 2, did you do so voluntarily?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And did you then also have the benefit of

1    the advice and assistance of your attorney, Mr. Varholak?

2              THE DEFENDANT:  Correct, Your Honor.

3              THE COURT:  Mr. Lunn, importantly, are you requesting

4    this Court receive, accept, and approve your plea agreement as

5    stated in the originals of Court's Exhibits 1 and 2?

6              THE DEFENDANT:  Yes, I am, Your Honor.

7              THE COURT:  Mr. Lunn, again as the defendant, the

8    person charged in this criminal case and prosecution in federal

9    court, you have many important constitutional and statutory

10   legal rights and privileges.  Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Have you discussed those important rights

13   carefully and thoroughly with your attorney, Mr. Varholak?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Even at the risk of repetition and

16   redundancy, please listen carefully as I advise you of your

17   legal rights.

18             Mr. Lunn, you have the right to be represented at all

19   times in these criminal proceedings in federal court by an

20   attorney.  If you want an attorney but cannot afford to hire

21   one yourself, then the Court will appoint an attorney to

22   represent you at the expense of the Government.

23             You also have the important associated legal right to

24   the competent, or effective, assistance of your legal counsel.

25             You have the right to enter pleas of not guilty to all

1    crimes with which you are charged in any one or more of these

2    three pending indictments, and even now, right now, you have

3    the right to persist with those existing pleas of not guilty.

4    In other words, Mr. Lunn, no one can force or compel you to

5    enter a plea of guilty.

6         In this criminal case in federal court, the

7    Government, Mr. Harmon, not you, the defendant, has the burden

8    of proof, which requires, for a conviction, proof beyond a

9    reasonable doubt, which is the highest standard of proof in our

10   federal criminal justice system.

11        This means, importantly, to and for you, that as the

12   defendant you are not expected or required to prove anything in

13   this case, including and especially your own innocence.

14        You have an absolute right to remain silent, and no

15   one can force or compel you to testify against yourself or to

16   incriminate yourself.

17        You, of course, have the right to a trial to a jury

18   consisting of 12 of our citizens whose verdict or verdicts, as

19   the case may be, must be unanimous.

20        You also have the right to a speedy trial guaranteed

21   both under the Sixth Amendment to the United States

22   Constitution and under the Speedy Trial Act of 1974.

23        If your case went to trial, and it is not because of

24   this plea agreement, you would have the right to require the

25   Government at trial to prove beyond a reasonable doubt each

1     element required by our law for the commission and conviction

2     of the crime then under consideration by your jury, including

3     the crimes charged in Counts 8 and 41 of the second superseding

4     indictment now made the focus of your plea agreement.

5              At trial, you have the right, with the assistance of

6     your attorney, to confront and cross-examine all witnesses

7     called against you by the Government.

8              At trial, after the Government presented its evidence

9     against you, you have the right to choose, either to testify in

10    your own behalf as a part of your defense, or to say nothing at

11    all, to remain absolutely silent, in which case at your request

12    I would instruct your jurors that they may not use your silence

13    against you in any way at your trial.

14             At trial, you have the right to call your own

15    witnesses, compelling their attendance at trial, if necessary,

16    through court ordered and issued subpoenas.

17             At trial, you have the right to present your own

18    evidence, the right to present a defense, and under our system

19    if you are financially unable to make that important

20    presentation, it will be made, but at the expense of the

21    Government.

22             Finally, if after a trial you are convicted and

23    sentenced, then you have the right of appeal to a higher court,

24    the Tenth Circuit Court of Appeals located right across the

25    street from this United States District courthouse.

1          Mr. Lunn, do you understand each of these important

2     legal rights that you now have in your case?

3               *THE DEFENDANT:*  Yes, Your Honor.

4               *THE COURT:*  Do you have any questions for me about any

5     of your legal rights?

6               *THE DEFENDANT:*  I do not, Your Honor.

7               *THE COURT:*  Then please next understand clearly that

8     with the continuing exception of your right to an attorney in

9     this case, when you enter your anticipated pleas of guilty to

10    Counts 8 and 41 of the second superseding indictment later in

11    this very hearing, you are waiving, giving up, now and forever

12    your other important legal rights in your case, including your

13    right to trial by jury.  Do you both understand and accept this

14    important part of your plea agreement?

15              *THE DEFENDANT:*  I do, Your Honor.

16              *THE COURT:*  Your plea agreement includes a waiver of

17    appeal.  That waiver appears in your plea agreement in the

18    original of Court's Exhibit 1 on pages 7 and 8 at subparagraph

19    I.  Let us discuss that waiver of appeal.

20         Mr. Lunn, ordinarily you would have the right to

21    appeal not only any sentence I imposed on you at your eventual

22    sentencing hearing, but the manner in which I determined any

23    such sentence.  Do you understand that?

24              *THE DEFENDANT:*  Yes, Your Honor.

25              *THE COURT:*  However, and importantly, in your plea

1    agreement you are waiving, or giving up, that important right

2    of appeal to a higher court subject only to the limited

3    exceptions stated expressly in your plea agreement.  Do you

4    understand and accept this important part of your plea

5    agreement?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Then let us focus, for now, on the

8    exceptions found on page 7 at subparagraph I.  Exception No. 1.

9    At your sentencing hearing, whenever it is held and conducted,

10   if I imposed a sentence or penalty greater than that authorized

11   or permitted by law, then you, of course, would have the right

12   of appeal to such an obviously illegal sentence.  Do you

13   understand this first exception?

14             THE DEFENDANT:  I do, Your Honor.

15             THE COURT:  Exception No. 2.  If, after I determine

16   the advisory sentencing guideline ranges that apply to you, and

17   then if I impose a sentence above or greater than those

18   advisory guidelines, then you may appeal such a sentence to a

19   higher court.  Do you understand this second exception?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Exception No. 3.  If in my sentencing

22   analysis I determine that your total adjusted advisory offense

23   level is greater than 27, and then if I impose a sentence based

24   on an offense level greater than 27, you may appeal any such

25   sentence to a higher court.  Do you understand this third

1    exception?

2         THE DEFENDANT:  I do, Your Honor.

3         THE COURT:  Let's take the next step.  Ordinarily,

4    albeit in extremely limited factual and legal circumstances and

5    in a relatively short period of time, you may be able to bring

6    a special legal action or proceeding typically in the nature of

7    habeas corpus, typically under 28 U.S.C. Section 2255

8    contesting or opposing the circumstances of your prosecution,

9    conviction, and sentencing.  Do you understand that?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  Once again, however, in your plea

12   agreement you are waiving, or giving up, that important right

13   subject again only to those limited exceptions stated expressly

14   in your plea agreement.  As before, do you both understand and

15   accept this important part of your plea agreement?

16        THE DEFENDANT:  Yes, Your Honor.

17        THE COURT:  As we did before, let us focus now on

18   those exceptions.  Exception No. 1.  If at the time -- if after

19   I impose sentence on you the law changes in your favor and is

20   made retroactive to the date of your sentencing hearing, then

21   you may be able to bring a special legal action to receive a

22   reduced, or lesser, sentence.  Do you understand this first

23   exception?

24        THE DEFENDANT:  Yes, Your Honor.

25        THE COURT:  Exception No. 2.  If you have a claim that

1    your attorney was ineffective or incompetent in violation of

2    your constitutional rights, then you may be able to bring a

3    special legal proceeding to address those circumstances.  Do

4    you understand this second exception?

5              *THE DEFENDANT:*  Yes, Your Honor.

6              *THE COURT:*  Exception No. 3.  If you have a claim that

7    the Government, during your prosecution, engaged in misconduct

8    in violation of your constitutional rights, then, once again,

9    you may be able to bring or address those factual

10   circumstances.  Do you understand this third exception?

11             *THE DEFENDANT:*  Yes, Your Honor.

12             *THE COURT:*  There's one final exception.  If the

13   Government appeals any sentence I impose on you, then you are

14   released and relieved from these waiver provisions altogether.

15   Do you understand this final important exception?

16             *THE DEFENDANT:*  Yes, Your Honor.

17             *THE COURT:*  Next, I want to discuss with you that

18   which is described in your plea agreement as the elements of

19   the offense.  That important information appears in the

20   original of Court's Exhibit 1 on pages 8 and 9 at II entitled

21   "Elements of the Offense."

22             In this part II of your plea agreement focusing on the

23   elements of the offenses, we're talking now about the crimes

24   made the focus of your plea agreement, the crimes charged in

25   Counts 8 and 41 of the second superseding indictment.  Your

1    plea agreement describes those elements, those facts, things,

2    conditions, and circumstances required for the commission and

3    conviction of those crimes in Counts 8 and 41, the elements

4    that the Government would be required to prove at trial beyond

5    a reasonable doubt, and because there is no trial, the same

6    elements, facts, things, circumstances that you are admitting

7    unconditionally when you enter your pleas to Counts 8 and 41 of

8    the second superseding indictment.  Do you understand what I

9    mean when I say elements of the offenses?

10          *THE DEFENDANT:*  I do, Your Honor.

11          *THE COURT:*  Very well.  I would invite your attention

12   to page 9.  The elements required by law for the commission and

13   conviction of the crime of wire fraud charged in Count 8 of the

14   second superseding indictment are as follows:

15          1.  That you, the defendant, devised or intended to

16   devise a scheme or fraud and obtained money or property by

17   means of false or fraudulent pretenses, representations, or

18   promises as described in the indictment.

19          2.  That you acted with the specific intent to defraud

20   and to obtain money or property by means of false or fraudulent

21   pretenses, representations, or promises.

22          3.  That you used interstate or foreign wire

23   communications facilities for the purpose of carrying out, or

24   executing, this scheme to defraud.

25          4.  That the scheme to defraud employed false or

1    fraudulent pretenses, representations, or promises that were

2    material, things that mattered.  Do you understand each of

3    these four material elements required by law for the commission

4    of wire fraud as charged in Count 8 of the second superseding

5    indictment?

6            *THE DEFENDANT:*  Yes, Your Honor.

7            *THE COURT:*  Any questions about those essential

8    elements for that crime and that crime of the indictment?

9            *THE DEFENDANT:*  No, Your Honor.

10           *THE COURT:*  Let us proceed.  The essential elements

11   required by law for the commission and conviction of money

12   laundering as charged in Count 41 of the second superseding

13   indictment are as follows:

14           1.   That you, the defendant, knowingly engaged or

15   attempted to engage in a monetary transaction.

16           2.   That you knew that this monetary transaction

17   involved criminally derived property.

18           3.   That such property had a value of greater than

19   $10,000.

20           4.   That this property was, in fact, derived from the

21   specific unlawful and criminal activity described in the second

22   superseding indictment; that is, the wire fraud scheme to

23   defraud set forth in Counts 1 through 26 of that same

24   superseding indictment.

25           5.   That this monetary transaction occurred in the

 1    United States.

 2             Do you understand each and all of these five essential

 3    elements required by law for the commission of the crime of

 4    money laundering charged in Count 41 of the second superseding

 5    indictment?

 6             *THE DEFENDANT:*  Yes, I do, Your Honor.

 7             *THE COURT:*  Any questions for me about any of those

 8    essential elements for that specific crime or count of the

 9    second superseding indictment?

10             *THE DEFENDANT:*  No, Your Honor.

11             *THE COURT:*  Next, I direct your attention to the

12    original of Court's Exhibit 1 to page 10 to V entitled

13    "Stipulation of Facts."  This part V of your plea agreement

14    begins on page 10, continues for nearly 20 additional pages,

15    and ends finally on page 29, as you can see.

16             I have five important questions for you about this

17    part V of your plea agreement.  Question No. 1.  Have you read

18    this part V of your plea agreement in its entirety?

19             *THE DEFENDANT:*  Yes, Your Honor.

20             *THE COURT:*  Question No. 2.  Did you understand what

21    you read?

22             *THE DEFENDANT:*  Yes, Your Honor.

23             *THE COURT:*  Question No. 3.  Have you reviewed and

24    discussed this part V of your plea agreement carefully and

25    thoroughly with your attorney, Mr. Varholak?

1        *THE DEFENDANT:*  I have, Your Honor.

2        *THE COURT:*  Question No. 4.  Are the facts stated in

3   this part V of your plea agreement complete and accurate from

4   your perspective and in your opinion?

5        *THE DEFENDANT:*  They are, Your Honor.

6        *THE COURT:*  Question No. 5, and perhaps most

7   importantly, Mr. Lunn, did you do the things that are stated as

8   fact in this part V of your plea agreement?

9        *THE DEFENDANT:*  Yes, Your Honor.

10        *THE COURT:*  Thank you.

11        Let us discuss sentencing.  First, to rehearse, under

12   the terms of your plea agreement, ultimately the sentences and

13   penalties to be imposed have been entrusted to my judgment and

14   discretion as the judge in your case.  Do you understand and

15   accept that important part of your plea agreement?

16        *THE DEFENDANT:*  Yes, Your Honor.

17        *THE COURT:*  This means, among other things, that I

18   will not be bound necessarily, either now or later at the time

19   of your sentencing hearing, by what anyone may have told you,

20   promised you, or predicted for you about the sentences that I

21   will impose.  Do you understand that?

22        *THE DEFENDANT:*  Yes, Your Honor.

23        *THE COURT:*  Please understand that under the terms of

24   your plea agreement I am authorized to impose any sentence or

25   penalty permitted by law, up to and including the maximum

1  sentences and penalties permitted by law.  Do you understand

2  that clearly?

3          *THE DEFENDANT:*  I understand, Your Honor.

4          *THE COURT:*  Please understand next in my consideration

5  and imposition of sentence on you, I must consider four

6  important factors.  First, I must consider the goals, purposes,

7  requirements, and needs of the federal sentencing statute.

8  Second, I must independently identify and apply all provisions

9  of the now advisory United States sentencing guidelines that

10 apply to you, to these crimes made the focus of your plea

11 agreement; to rehearse, Counts 8 and 41 of the second

12 superseding indictment, and all relevant conduct.  Third, I

13 must consider any motion for a variant sentence, whether upward

14 or downward.  Fourth and finally and independently, I must

15 consider carefully certain individual sentencing factors and

16 needs found in our federal sentencing statute.

17         Mr. Lunn, do you understand, at least in some general

18 way and sense, those important factors?

19         *THE DEFENDANT:*  Yes, Your Honor.

20         *THE COURT:*  Now, I've said all of that to conclude by

21 saying this.  At your sentencing hearing, if I reject any

22 recommendation that is good for you, or if I deny any motion

23 that is good for you, other than the Government's obligatory

24 motion to dismiss other counts and other indictments, or if I

25 impose any sentence or penalty with which you disagree or

1   object, listen carefully, you may not then withdraw or take

2   back the pleas of guilty and admissions that you make and enter

3   this morning.  Do you understand that clearly and completely?

4               *THE DEFENDANT:*  I understand, Your Honor.

5               *THE COURT:*  Next, I must advise you of the maximum

6   possible sentences or penalties or, as I often say, the worst

7   case scenario.  At your sentencing hearing, for your conviction

8   of wire fraud as charged in Count 8 of the second superseding

9   indictment, I could sentence you to prison for up to 20 years,

10  followed by an additional term of supervised release of up to

11  three years, and/or I could impose a fine which is the greater

12  of $250,000 or twice the amount of the criminally derived

13  property involved in the charged transaction.  Do you

14  understand those maximum possible penalties for the crime of

15  wire fraud as charged in Count 8 of the second superseding

16  indictment?

17              *THE DEFENDANT:*  Yes, Your Honor.

18              *THE COURT:*  And for your conviction of the crime of

19  money laundering as charged in Count 41 of that same second

20  superseding indictment, I could sentence you to prison for up

21  to ten years, which could be followed by an additional term of

22  supervised release of up to three years, which must be imposed

23  and served concurrently with any term imposed on Count 8,

24  and/or I could impose a fine which is the greater of $250,000

25  or twice the amount of the criminally derived property involved

1    in the charged transaction.  Do you understand the maximum

2    possible sentences and penalties for money laundering as

3    charged in Count 41 of the second superseding indictment?

4            *THE DEFENDANT:*  Yes, Your Honor.

5            *THE COURT:*  Any question for me about the maximum

6    sentencing or penalty of either count?

7            *THE DEFENDANT:*  No, Your Honor.

8            *THE COURT:*  At the time of sentencing, I will enter an

9    order required by federal law requiring you to pay a special

10   victim's fund assessment of $100 for each of these two counts

11   of conviction for a total of $200.  Do you understand that?

12           *THE DEFENDANT:*  Yes, Your Honor.

13           *THE COURT:*  Next, Mr. Lunn, because you are entering

14   pleas to more than one criminal offense, I must determine

15   whether to impose those sentences concurrently, which is the

16   same time as each other insofar as practicable, or

17   consecutively, one after the other, one on top of the other, or

18   partially concurrently or partially consecutive.  Do you

19   understand I must make that determination and exercise my

20   discretion?

21           *THE DEFENDANT:*  I understand, Your Honor.

22           *THE COURT:*  To do that, I will be guided by the

23   statutory provisions of 18 U.S.C. Sections 3584(a) and (b) and

24   in the more familiar 3553(a)(1) through (7).

25           Now, Mr. Lunn, let me state the obvious from my

1   perspective in these circumstances.

2           That anyone charged and convicted and sentenced in

3   federal court for serious felony offenses, like wire fraud and

4   money laundering, will suffer adverse effects and consequences

5   in his life.  Do you understand and appreciate that?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  Some of the consequences are immediate.

8   Others are indirect or more insidious and, as we say,

9   collateral.  Your felony conviction for these crimes in this

10  case may cause you to suffer personally, politically, socially,

11  financially, and in other ways.  Do you understand that?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  These felony convictions, in all

14  probability, will cause you to lose certain civil rights as an

15  American, including the right to possess and use ever a

16  firearm, the right to vote, the right to hold an elective

17  office, and the right to serve on any type of jury.  Do you

18  understand these virtually certain adverse consequences?

19          THE DEFENDANT:  I do, Your Honor.  I should point out

20  I'm not an American citizen.

21          THE COURT:  Excuse me.  Let me take the next step.  If

22  you are not a citizen or national of this country, then these

23  felony convictions may have serious immigration consequences

24  for you, including, but not limited to, your removal or

25  deportation from this country and have an adverse effect on

1    your efforts, if any, ever to return to this country.  Do you

2    understand those possible immigration consequences?

3              *THE DEFENDANT:*  Yes, Your Honor.

4              *THE COURT:*  Now, Mr. Lunn, important to me, have you

5    reviewed and discussed carefully and thoroughly with your

6    attorney, Mr. Varholak, the consequences, including the

7    immigration consequences, that you may experience as a result

8    of your felony convictions in this case?

9              *THE DEFENDANT:*  Yes, Your Honor.

10             *THE COURT:*  Do you have any questions now for me about

11   any of those possible consequences to you?

12             *THE DEFENDANT:*  No, Your Honor.

13             *THE COURT:*  Mr. Lunn, importantly, has anyone forced

14   you or threatened you to participate in this specific plea

15   agreement or to enter pleas of guilty pursuant to that plea

16   agreement?

17             *THE DEFENDANT:*  No, Your Honor.

18             *THE COURT:*  Has anyone, including your own attorney,

19   Mr. Varholak, made any promises or representations to you about

20   your case, your plea agreement, or my sentences, things of

21   which I'm now unaware?

22             *THE DEFENDANT:*  No, Your Honor.

23             *THE COURT:*  Mr. Lunn, in your opinion, have you now

24   had sufficient time to read, review, discuss, and consider your

25   written plea agreement in this case?

1          *THE DEFENDANT:*  Yes, I have, Your Honor.

2          *THE COURT:*  Have you had sufficient time to review and

3    read and discuss your plea agreement carefully and thoroughly

4    with your attorney, Mr. Varholak?

5          *THE DEFENDANT:*  Yes, Your Honor.

6          *THE COURT:*  Have you discussed your defense or

7    defenses, if any, in this case with Mr. Varholak?

8          *THE DEFENDANT:*  Yes.

9          *THE COURT:*  Have you discussed with Mr. Varholak what

10   you could reasonably expect to happen at a trial had you

11   elected to proceed to trial?

12         *THE DEFENDANT:*  Yes, Your Honor.

13         *THE COURT:*  Have you discussed with Mr. Varholak all

14   the other options and alternatives that you have in your case

15   other than this specific plea agreement as stated in the

16   originals of Court's Exhibits 1 and 2?

17         *THE DEFENDANT:*  I have, Your Honor.

18         *THE COURT:*  Mr. Lunn, all things considered, albeit in

19   an imperfect world, is this plea agreement, the one you and I

20   are discussing this morning as stated in Court's Exhibits 1 and

21   2, the option that you now want and choose to resolve this case

22   and these charges against you?

23         *THE DEFENDANT:*  That's correct, Your Honor.

24         *THE COURT:*  Mr. Lunn, in your case generally and

25   concerning this hearing and your plea agreement more

 1   specifically, you have been represented by your attorney,

 2   Mr. Scott Varholak.  Are you satisfied with Mr. Varholak as the

 3   attorney in your case?

 4            *THE DEFENDANT:*  Yes, Your Honor.

 5            *THE COURT:*  Do you have any complaints, criticisms, or

 6   objections whatsoever about Mr. Varholak as your attorney in

 7   your case?

 8            *THE DEFENDANT:*  None, Your Honor.

 9            *THE COURT:*  Mr. Lunn, after having come this far and

10   with the assistance of your attorney, have you heard me and

11   understood me?

12            *THE DEFENDANT:*  I have, Your Honor.

13            *THE COURT:*  Consistent with the solemn oath you took

14   at the beginning of this change of plea hearing, have you

15   answered each of my questions completely and honestly?

16            *THE DEFENDANT:*  Yes, Your Honor.

17            *THE COURT:*  Mr. Lunn, do you now have any questions or

18   concerns for me to consider and address?

19            *THE DEFENDANT:*  No, Your Honor.

20            *THE COURT:*  Thank you.

21            Counsel, for purposes of the factual bases required

22   for Counts 8 and 41 of the second superseding indictment made

23   the focus of the plea agreement, subject to your objection, I

24   intend to rely on my file as constituted, of course, as

25   specifically relevant to Mr. Lunn, and on the record as

1   developed; again, as specifically relevant to Mr. Lunn, now to

2   include, importantly, my plea colloquy this morning with

3   Mr. Lunn and the plea agreement as presented in the originals

4   of Court's Exhibits 1 and 2.  Any objection by the Government,

5   Mr. Harmon?

6           *MR. HARMON:*  No, Your Honor.

7           *THE COURT:*  Or the defense, Mr. Varholak?

8           *MR. VARHOLAK:*  No, Your Honor.

9           *THE COURT:*  Counsel, let the record reflect I intend

10  to do exactly that.

11          Counsel, do you need the opportunity now to supplement

12  the record further for the limited and specific purpose of this

13  change of plea hearing?  Anything further now by the

14  Government, Mr. Harmon?

15          *MR. HARMON:*  No.  Thank you, Your Honor.

16          *THE COURT:*  Or by the defense, Mr. Varholak?

17          *MR. VARHOLAK:*  No, Your Honor.  Thank you.

18          *THE COURT:*  Mr. Varholak a series of questions, by now

19  familiar to you.  First, I presume Mr. Lunn is prepared to be

20  arraigned again on the crimes charged in Counts 8 and 41 of the

21  second superseding indictment now made the focus of the plea

22  agreement.  Is my assumption correct?

23          *THE DEFENDANT:*  It is, Your Honor.

24          *THE COURT:*  To facilitate the second arraignment on

25  those counts, if you will, does Mr. Lunn seek leave of the

 1    Court to withdraw his existing pleas of not guilty to Counts 8

 2    and 41 of the second superseding indictment?

 3             *THE DEFENDANT:*  Yes, Your Honor.

 4             *THE COURT:*  His request is granted.  Therefore, the

 5    existing pleas of not guilty of Mr. Lunn to Counts 8 and 41 of

 6    the second superseding indictment are withdrawn.

 7             Finally, does Mr. Lunn demand or waive further formal

 8    arraignment by the Court on Counts 8 and 41 of the second

 9    superseding indictment?

10             *MR. VARHOLAK:*  We will waive, Your Honor.

11             *THE COURT:*  Thank you.

12             Mr. Lunn, in the context of this important change of

13    plea hear this morning, we have arrived at that proverbial

14    moment of truth.  I direct your attention to Counts 8 and 41 of

15    the second superseding indictment because these are the crimes,

16    these are the counts, this is the indictment made the focus of

17    your plea agreement.

18             Of course, I continue to direct your attention to the

19    plea agreement as stated globally in the originals of Court's

20    Exhibits 1 and 2, which even now remain in your possession.

21             Mr. Lunn, what plea do you now enter to the crime

22    charged in Count 8 of the second superseding indictment

23    charging wire fraud in violation of 18 U.S.C. Section 1343?

24    What is your plea, please?

25             *THE DEFENDANT:*  Guilty, Your Honor.

1          *THE COURT:*  What plea do you now enter to the crime

2     charged in Count 41 of the second superseding indictment

3     charging engaging in monetary transactions in property derived

4     from specified unlawful activity in violation of 18 U.S.C.

5     Section 1957?  What is your plea, please?

6          *THE DEFENDANT:*  Guilty, Your Honor.

7          *THE COURT:*  Directing your attention to the forfeiture

8     allegation of the second superseding indictment.  Do you now

9     voluntarily and knowingly admit that allegation?

10          *THE DEFENDANT:*  Yes, Your Honor.

11          *THE COURT:*  Thank you.  For now, Mr. Lunn, you may be

12     seated.

13          Mr. Varholak, before you are, would you please deliver

14     to the courtroom deputy clerk the completed and executed

15     originals of Court's Exhibits 1 and 2, for which I thank you.

16          *MR. VARHOLAK:*  Yes, Your Honor.  Thank you.

17          *THE COURT:*  As soon as practicable, but not right now,

18     I will enter electronically findings of fact and conclusions of

19     law commensurate with the record developed during this

20     important change of plea hearing.

21          However, in reliance on those anticipated findings and

22     conclusions, it is now ordered as follows:

23          That the originals of Court's Exhibits 1 and 2 are

24     admitted in evidence because they state the plea agreement of

25     these parties.

1        That formal approval of the plea agreement, however,

2   is deferred pending opportunity to consider the anticipated

3   presentence report.

4        That the pleas of guilty entered by Mr. Lunn pursuant

5   to his plea agreement to the crimes charged in Counts 8 and 41

6   of the second superseding indictment are received, accepted,

7   and approved.

8        That, accordingly, Mr. Lunn is now found guilty of the

9   crimes charged in Counts 8 and 41 of the second superseding

10  indictment, the crimes of wire fraud and money laundering

11  respectively.

12       That the admission of Mr. Lunn to the forfeiture

13  allegation of the second superseding indictment is received,

14  accepted, and approved as being entered voluntarily and

15  knowingly.

16       That as required by 18 U.S.C. Section 3552 and Federal

17  Rules of Criminal Procedure 32(c) and (d), the probation

18  department shall conduct a presentence investigation and file a

19  presentence report.

20       That Mr. Varholak, as the attorney for Mr. Lunn, shall

21  contact the probation department as soon as practicable

22  following the conclusion of this hearing to arrange, schedule,

23  and coordinate the involvement and participation of Mr. Lunn in

24  this presentence investigation.

25       Mr. Varholak, I inquire for the record, but once again

1    I know rhetorically, will you do that?

2           *MR. VARHOLAK:* Yes, Your Honor.

3           *THE COURT:* That Mr. Lunn shall cooperate fully with

4 the probation department during the presentence investigation.

5 Mr. Lunn, will you do that?

6           *THE DEFENDANT:* Yes, Your Honor.

7           *THE COURT:* Thank you.

8           That, for the record, any pending nonCJA pretrial

9 motion filed by or on behalf of Mr. Lunn is denied as moot.

10           That the trial preparation conference now set for

11 Mr. Lunn for June 25, 2015, is vacated.

12           That the trial by jury reserved for Mr. Lunn set to

13 commence June 30, 2015, is now vacated.

14           And that, for now, the setting of the sentencing

15 hearing for Mr. Lunn is deferred and continued without date.

16           Provided, however, that within 30 days, the parties

17 shall file their status report advising the Court when, if at

18 all, a sentencing hearing may be set for Mr. Lunn.

19           That such a status report shall be filed by the

20 parties not less frequently than every 60 days thereafter.

21           Counsel, do you stipulate that under existing law and

22 now as supervised, that clear and convincing evidence exists

23 that Mr. Lunn is not likely to flee and that he does not pose a

24 danger to any person or to the community; thus, facilitating a

25 continuation of his bond to the date and time his sentencing

1    hearing is held and conducted by the Court in this case?  So

2    stipulated by the Government, Mr. Harmon?

3              *MR. HARMON:*  Yes, Your Honor.

4              *THE COURT:*  So stipulated by the defense,

5    Mr. Varholak?

6              *MR. VARHOLAK:*  Yes, Your Honor.

7              *THE COURT:*  I approve that stipulation.

8              Therefore, it is ordered further and lastly that the

9    bail and bond of Mr. Lunn is continued as is to the date and

10   time his sentencing hearing is actually held and conducted by

11   the Court.

12             All done in open court effective forthwith.

13             Further business in this case by the Government,

14   Mr. Harmon?

15             *MR. HARMON:*  No.  Thank you, Your Honor.

16             *THE COURT:*  Or by the defense, Mr. Varholak?

17             *MR. VARHOLAK:*  No, Your Honor.  Thank you.

18             *THE COURT:*  You're welcome.  Counsel, a pleasure as

19   always.

20             Please close the record in this case.  The Court is in

21   recess until this afternoon.

22             Madam Clerk.

23             (Court stood in recess at 12:04.)

24

25

1          * * * * *

2          **REPORTER'S CERTIFICATE**

3          I certify that the foregoing is a correct transcript from

4    the record of proceedings in the above-entitled matter.  Dated

5    at Denver, Colorado, this 28th day of December, 2015.

6

7                                        *S/Tracy Weir*
                                         Tracy Weir
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25