**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    GEOFFERY H. LUNN, and
2.    JAIME J. BEEBE,

      Defendants.

**STATUS REPORT AND REQUEST TO DEFER DETERMINATIONS
PERTAINING TO RESTITUTION AND FORFEITURE
TO A FINAL, CONSOLIDATED HEARING**

      The United States of America, by and through its undersigned counsel, in accordance with the Court's Order of April 15, 2016 (DE 179),[1] respectfully files this status report and, as contemplated by that order, pursuant to 18 U.S.C. § 3664(d)(5) and otherwise, hereby requests that the Court defer to a second, consolidated hearing the final determination of issues pertaining to restitution and forfeiture, including victim losses pertinent thereto.

      The government's status report follows:

### I.    Background

      On May 14, 2015, defendant Lunn, pursuant to a written plea agreement, entered guilty pleas to one count of wire fraud (Count 8) and one count of engaging in monetary transactions in property derived from specified unlawful activity (Count 41) in the second superseding indictment in this case (DE 81, 82). These offenses of conviction arose from a common fraudulent scheme, relating to purported high yield investment programs offered through a bogus

---

[1] "DE" refers to docket entries in this case.

financial institution called Dresdner Financial, and undertaken by the defendants Lunn and Beebe together. As related in the plea agreement, the defendants, pursuant to this scheme, raised in excess of $5.8 million from a combination of 72 individual investors or groups of investors, of which 61 individual investors or groups of investors suffered collective losses totaling approximately $5,124,795.00[2]  (DE 82, Plea Agreement, Part I, ¶ C.1; Part V, ¶¶ B, J, U). Under his plea agreement with the government, defendant Lunn agreed to criminal forfeiture in the form of a money judgment and specific property in a total amount not exceeding these collective losses and to restitution in particular amounts to specific victims to be determined by the Court at the time of sentencing (id. at Pt. I, ¶¶ B, C.1).

On January 19, 2016, pursuant to his own written plea agreement, defendant Beebe entered a guilty plea to a separate wire fraud count of the second superseding indictment arising from the same fraudulent scheme (Count 23), (DE 142, 144, 145). Defendant Beebe's plea agreement, in support of his wire fraud guilty plea, relied on substantially the same body of stipulated facts as set forth in Lunn's plea agreement; identified the same collective losses to Dresdner Financial investors as had been set forth in the Lunn plea agreement; and identified substantially the same restitution and forfeiture obligations for Beebe as had been identified for Lunn (DE 82, 145).

On April 8, 2016, the United States moved to partially consolidate the defendants' sentencing proceedings, and proposed that the Court conduct sentencing proceedings in three phases, as follows:

> (a)  An initial joint and consolidated sentencing proceeding which would be devoted, inter alia, to addressing Sentencing Guideline issues and determining the defendants' respective applicable sentencing guideline ranges; entertaining and ruling upon objections to common aspects of the defendants'

---

[2] This number was confirmed in both defendants' Pre-Sentence Investigation Reports (DE 191 at ¶ 55; DE 193 at ¶ 53). This amount may differ from the ultimate restitution calculation.

> presentence investigation reports (PSIRs), such as depictions and characterizations of the offense conduct in this case;
>
> (b)  Individualized sentencing proceedings separately conducted with respect to each defendant which would address sentencing factors unique to each defendant, at which proceedings the Court would entertain sentencing guideline departure and sentencing variance arguments and arguments concerning the application of statutory sentencing factors under 18 U.S.C. § 3553(a) with respect to each defendant, and at the conclusion of which proceedings the Court would pronounce sentence upon each defendants in all aspects except with respect to matters of restitution and forfeiture; and
>
> (c)  Pursuant to 18 U.S.C. § 3664(d)(5), a joint and consolidated proceeding, to be conducted no later than ninety days from the conclusion of the individualized sentencing proceedings, addressed to resolving all issues respecting restitution and forfeiture, as to each defendant (but not with respect to third parties that may claim an interest in any forfeitable property), at which time the Court would address and determine, inter alia, the amounts and property to be forfeited by each defendant, the overall amounts of restitution owed by each defendant, and the identities and specific restitution amounts owed to particular victims.

(DE 175 ("Motion") at 1-2). In support of its Motion, the United States explained that the nature of the scheme and the putative victims made victim identities difficult to ascertain. Specifically, certain investments made in the scheme were done in a representative capacity on behalf of other unnamed individuals or entities. *Id.* at 9. To meet its burden of proving restitution, the government is conducting an ongoing, extensive examination of the 72 investors, a number of whom reside outside of the United States. As such, the United States submitted in the Motion that it may need additional time to ascertain loss, as permitted by 18 U.S.C. § 3664(d)(5). *Id.* at 10.

On April 15, 2016, the Court granted the United States' Motion, and ordered that sentencing be partially consolidated and held in three phases as proposed by the Motion (DE 179). As to the restitution phase of sentencing, the Court ordered that:

3

> [N]o later than ten days prior to the commencement of the individualized, second-phase sentencing hearings, the attorney for the government shall file a report advising the court as to the status of efforts to ascertain victims' losses in this case and on representation that the identification and ascertainment of victim losses has not been completed, the Court shall defer final determination of such losses, pursuant to Title 18, United States Code, Section 3664(d)(5), for a period not to exceed ninety days from the completion of the second-phase sentencing hearings. . . .

(*Id*. at 2).

Individualized, second-phase sentencing hearings are now set with respect to both defendants to take place at separate times on February 22, 2017 (DE 202, 203, 204). As outlined below, the government's restitution investigation and analysis continues, however, and the specific identities of victims and the amounts of their losses have not yet been fully ascertained.

## II.   Restitution Investigation

As conveyed in the United States' Motion (DE 175), efforts to identify fully and with certainty the individuals and entities who were the real investors in the scheme – and not simply conduits for the investment funds and proxies for the owners of the funds – have been laborious and ongoing. The United States Attorney's Office is coordinating these efforts with the Probation Office. The chart attached as Exhibit 1 outlines current information on the losses that have been ascertained as well as the losses that have yet to be ascertained.[3]

Contact information on putative victims was not always current or available in the underlying investigation of the scheme. In order to better ascertain victim identities and contact information, staff at the United States Attorney's Office reviewed notes of the investigating agents and bank records, and conducted database searches on putative victims. Upon obtaining

---

[3] Exhibit 1 should be considered an updated version of the restitution charts submitted in both defendants' Presentence Investigation Reports (DE 191, pp. 16-24; DE, pp. 16-23).

4

reliable contact information, staff attempted to contact and interview each putative victim. These interviews assisted in confirming sources of funds and identities of other potential victims.

In September and December, 2016,[4] the government sent form documents, entitled Declarations of Loss, to 23 putative victims in order to elicit from them further evidence and information needed to confirm the source of their investment funds. These form declarations sought from the putative victims the stated timeframe and other details of their investments in the scheme. The recipients of these form declarations were asked, in particular, to provide the nature and source of their investment and information on any monies they recouped from the investment. They were asked to complete and return the form declarations to the United States Attorney's Office by January 31, 2017. To date, the government has received only six signed declarations. Three declarations were returned as undeliverable, and 14 declarations remain outstanding. The government's efforts to reach out to the remaining victims and elicit the desired information continues.

Based on information from the above efforts, 54 of the 72 investor groups' losses, totaling $3,550,980, have been fully ascertained and confirmed.[5] Ex. 1. The victims and losses for 18 of the investor groups are yet to be ascertained. *Id*. Further evidence is needed to fully ascertain the remaining 18 investor groups' losses. Upon the Court's designation of a second, consolidated sentencing hearing for the purposes of restitution and forfeiture determination, the government anticipates moving the Court, pursuant to Fed.R.Crim.P. Rule 17(c), for permission to issue a series of subpoenas *duces tecum* to be returnable prior to this final sentencing proceeding, so that it may get additional records in furtherance of its ongoing restitution

---

[4] Domestic declarations were mailed in September. International declarations were mailed in December after coordination with the Office of International Affairs.

5  18 of the 54 fully ascertained investor groups were deemed excluded from restitution due to no loss, no contact information, deceased investors, and/or uncooperative investors. See 18 U.S.C. § 3664(g)(1) ("No victims shall be required to participate in any phase of a restitution order.")

investigation and analysis. Any records obtained through those subpoenas will be produced to all parties in accordance with Rule 17(c).

## III. Conclusion

As set forth above, the government's efforts to ascertain victims' identities and losses continues and will not be complete by February 22, 2017, when the Court is scheduled to conduct individualized, second-phase sentencing hearings with respect to both defendants. Accordingly, and as contemplated by the Court in its April 15, 2016 Order, in order to fully ascertain the victims and losses in this case, the United States requests that this Court defer final determination of restitution and all matters pertaining to restitution and forfeiture for a period of up to 90 days from the completion of the second-phase proceedings, with a final consolidated hearing on restitution and forfeiture matters to be set within that time pursuant to a telephonic (non-appearance) setting conference.[6]

Dated: February 10, 2017

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney


s/ Elizabeth M. Froehlke
ELIZABETH M. FROEHLKE
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0126
E-mail: elizabeth.froehlke@usdoj.gov

---

[6] While the government seeks deferral of restitution and forfeiture determinations for a period of up to ninety days, it is anticipated that the government would be able to complete its restitution investigation and analysis within the next two months and that a final consolidated hearing could be conducted shortly thereafter.

6

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 10, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David L. Owen
Email: davidowen@lodopc.com

and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand- delivery, etc.) indicated above the nonparticipant's name:

Jaime Beebe
FCI Englewood
9595 W. Quincy Ave
Littleton, CO 80123

Fed Register # is 79601-051

                                                s/Elizabeth M. Froehlke
                                                United States Attorney's Office