IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

1.      GEOFFREY H. LUNN,

                    Defendant.

_____

**GOVERNMENT'S MOTION FOR SENTENCING GUIDELINE DEPARTURE AND
SENTENCING REDUCTION PURSUANT TO U.S.S.G. §5K1.1**

_____

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and advises the Court that the defendant, Geoffrey H. Lunn, has, in the government's judgement, rendered substantial assistance in the investigation and prosecution of other persons who have committed offenses.   Accordingly, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the government hereby moves this Court, in determining the defendant's advisory sentencing guideline range and in imposing sentence upon defendant Lunn in the above-captioned case, to make a downward departure from the advisory sentencing guideline range otherwise applicable to him.

In support of the motion, the government states as follows and provides the following factual summary and overview of the circumstances that led to the defendant's assistance and the particular acts of the defendant that constitute his assistance in the investigation and prosecution of others:

1

1.      In or about late February 2011, defendant Lunn, pursuant to investigative subpoenas issued by the U.S. Securities and Exchange Commission ("SEC") as part of a parallel civil investigation of the matters leading to the indictments in this case, produced a number of records concerning the investments schemes that are the subject of this case and his involvement and the involvement of co-defendant Beebe in the schemes.   Through these records and correspondence to the Commission, defendant Lunn identified co-defendant Beebe, whom he called "Bobby Perello," as the principal of Dresdner Financial and himself as an affiliate who had yet to receive any commission payments. As part of his records production, defendant Lunn provided the Commission and, in turn, criminal investigators in this case, with numerous emails reflecting communications with and involving co-defendant Beebe, using the alias "Perello," as part of the scheme. These communications with the Commission provided civil and criminal investigators with some of the earliest indications that others besides defendant Lunn were complicit in the schemes.

2.      Defendant Lunn, again pursuant to subpoena, thereafter provided investigative testimony to the SEC in Denver, Colorado in April 2011.   During the course of testimony, defendant Lunn recounted how he first met co-defendant Beebe and his prior business dealings with Beebe.   He provided the Commission with a physical description of co-defendant Beebe and the contact information that he had for Beebe. And he described, among other things, how he had made numerous trips to various locations to drop off investor funds to Beebe at the latter's direction and offshore bank accounts he set up with the intention of placing some of the investors' funds outside the country.   Although many aspects of the testimony could be viewed as self-serving (Lunn persistently sought to portray his own conduct as being directed by Beebe

2

and motivated by fear of him), defendant Lunn candidly acknowledged at points that he was aware that Beebe was a "con man" and that the investment programs were essentially a scam on investors.   He further detailed for the Commission his own uses of investor funds, conceding at one point that he had spent considerable amounts of investor funds on several professional escorts whom he had befriended. (A copy of the transcript of defendant Lunn's investigative testimony, constituting his sole sworn statement in this case, is annexed hereto as Exhibit A.)

3.      In May 2011, defendant Lunn was contacted by a Federal Bureau of Investigation ("FBI") Special Agent as part of the criminal investigation of this case.   Defendant Lunn voluntarily submitted to questioning and was interviewed about his role in the investment schemes in this case.   As part of the interview, he recounted his SEC testimony.   He also provided several pieces of specific information that served to help the FBI ultimately identify co-defendant Beebe by his real name.   In particular, he provided a specific description of rental property that Beebe had previously leased with information from Lunn's company, WGC Group, and identified Beebe's spouse at the time as an individual whose name was used in connection with the leasing arrangements. He further identified Beebe's spouse through a photograph displayed to him by agents. And he provided agents with a detailed physical description of Beebe. Following the interview, defendant Lunn voluntarily produced to FBI agents in excess of 300 pages of records still in his possession in relation to the investment schemes and his dealings with co-defendant Beebe.   The records included account records and several passwords for four offshore bank accounts and entities that Lunn had set up and partially funded ostensibly at the direction of co-defendant Beebe.

4.      Defendant Lunn voluntarily submitted to a second, pre-indictment interview by

FBI agents in January 2014.   During this interview, Lunn answered follow up questions about the investment schemes and his and co-defendant Beebe's involvement in them.   He identified co-defendant Lunn from a department of motors vehicle photograph of Beebe shown to him by agents, thereby confirming for agents that Beebe was, in fact, the "Robert Perello" with whom both Lunn and several others had previously recounted dealing in the investment schemes. Lunn also provided agents with a photograph of Beebe and Beebe's then-spouse in a limousine which Lunn had obtained from the social media website Facebook.   FBI agents thereafter used this Facebook photograph in further investigation of Beebe in this case. At the conclusion of this interview, Lunn, though portraying his conduct as being directed and influenced by Beebe, nonetheless conceded that "deep down [Lunn] knew all along that it was a fraud" and that he "was guilty" and "shouldn't have taken [investors'] money" (DE 1, Crim. Compt. Affid.).[1]

5.      In March 2014, following his arrest on a criminal complaint in this case, defendant Lunn voluntary turned over his personal computer to FBI agents as part of further investigation of the case.   The agents ultimately recovered several form investor agreements used in the scheme from the computer.

6.      After the return of the initial indictment in this case, defendant Lunn, now represented by counsel, entered into extensive pretrial plea negotiations with the government contemplating his cooperation and testimony in a criminal prosecution of co-defendant Beebe. As part of these negotiations, defendant Lunn and his counsel executed a limited use immunity proffer agreement and, pursuant to this agreement, defendant Lunn submitted to four multi-hour proffer interview sessions with agents, financial analysts and prosecutors over the course of

---

[1]      "DE" stands for docket entries in this case.

August 25, 2014 through on or about October 29, 2014. During these proffer sessions, defendant Lunn, among other things, reviewed with the government prosecution team bank account and travel records to reconstruct and document his accounts of his various trips to deliver cash to co-defendant Beebe.

7.      On or about December 15, 2014, following the completion of these proffer sessions, defendant Lunn and his counsel entered into their pretrial disposition with the government in this case, formalizing that disposition in a plea terms letter agreement that was ultimately embodied in the parties' plea agreement in this case.   As part of the disposition, defendant Lunn agreed to continue to cooperate in the investigation and prosecution of others, including through the provision of trial testimony in this case. Immediately following the execution of this letter agreement, defendant Lunn, through counsel, filed a Notice of Disposition indicating the parties' intention to resolve the case through defendant Lunn's entry of negotiated guilty pleas in the case (DE 36).

8.      Defendant Lunn's assistance to the government continued following the filing of this Notice of Disposition.   At the request of the prosecution team, defendant Lunn located and, through counsel, provided a personal notebook that he had kept in which he had recorded names and telephone numbers and other contact information for co-defendant Beebe, under his various aliases, and several of the affiliates involved in the investment scheme. FBI agents and a financial analyst on the prosecution team endeavored to use these entries to develop leads to solidify the connection between co-defendant Beebe and the "Robert Perello" with whom the investment program affiliates and investors had interacted during the schemes. Through counsel, defendant Lunn also provided original Western Union money transfer receipts, assisting the

5

government in further documenting the money transfers that Lunn had made to Beebe or at Beebe's direction.   Additionally, defendant Lunn also listened to recordings of threatening messages left with an answering service for Lunn's business (referenced in DE 82, the parties Plea Agreement, Stipulation of Facts, Paragraph L.1., n. 7) and positively identified that voice on the recordings as being that of "Robert Perello," which recordings investigators compared to known recordings of co-defendant Beebe's voice.

9.      Defendant Lunn's various pre-indictment and post-indictment statements and the materials that he provided were ultimately provided to co-defendant Beebe and his counsel as part of the government's pretrial disclosures in the prosecution of Beebe.   Co-defendant Beebe's counsel was further advised that defendant Lunn would be called as a witness for the prosecution against Beebe.

10.     Based on the foregoing, the government submits that defendant Lunn has provided substantial assistance in the investigation and prosecution of others, in particular, in the investigation and prosecution of co-defendant Beebe. In the judgment of the undersigned Assistant U.S. Attorney, the principal prosecutor in this case, *but for defendant Lunn's decision and agreement to testify against co-defendant Beebe at trial*, the government would likely not have had a prosecutable case against co-defendant Beebe:   While the government was able to locate other witnesses who dealt with co-defendant Beebe as "Robert Perello" in the investment schemes, none dealt with him face-to-face, and so, no other witness could positively say that co-defendant Beebe was the "Robert Perello" involved with theme in the investment schemes. Further, though the government was able to find witnesses who could place co-defendant Beebe and Lunn together in the various places where Lunn claimed to have met with Beebe, none of

these witnesses could state, in a categorical or meaningful way, what dealings the two had had together. These witnesses essentially could corroborate only that the two knew each other and had had some sort of dealings. Only through the testimony of defendant Lunn could the government establish through convincing evidence that co-defendant Beebe was the "Robert Perello" whom Lunn identified as the architect of the investment schemes and with whom various affiliates and investors interacted as part of the schemes.

WHEREFORE, the United States respectfully requests that this Court grant its motion, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, to depart below defendant Lunn's applicable advisory sentencing guideline range in imposing sentence upon defendant based on his substantial assistance.   Based largely on the government's evaluation of the significance of defendant Lunn's prospective testimony in the prosecution of co-defendant Beebe, the government further recommends that, upon the granting of this motion, the Court depart from the otherwise applicable sentencing guideline range for defendant Lunn, now calculated to be 87 to 108 months (*see* DE 221), and recalculate that guideline range such that it be reduced by one-third to reflect defendant Lunn's substantial assistance, making the recalculated range 58 to 72 months.

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney


s/Kenneth M. Harmon
By:   Kenneth M. Harmon
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel. No. (303) 454-0100

7

Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 21, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward R. Harris
Assistant Federal Public Defender
Edward_harris@fd.org

s/ Kenneth M. Harmon
KENNETH M. HARMON

8