IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00161-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     GEOFFREY H. LUNN,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND DIRECT ASSETS**
_____

       COMES NOW the United States of America, by and through Acting United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment and Direct Assets in this case. In support, the United States submits the following:

**MEMORANDUM OF LAW**

I.     **Statement of Facts**

       1.     On March 25, 2015, the United States charged defendant, Geoffrey H. Lunn, by Second Superseding Indictment with Wire Fraud, Interstate Transportation of Fraudulently Obtained Property, Engaging in Monetary Transactions in Criminally Derived Property, as well as Conspiracy to Commit Wire Fraud and to Transport Money Taken by Fraud, all in violation of 18 U.S.C. §§ 1343, 2314, 1957, 2 and 18 U.S.C. §

1

371, respectively. (Doc. 67).

    2.    The Second Superseding Indictment also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek forfeiture of the following assets:

    a.    a 2011 Land Rover, Range Rover Sport Supercharged, VIN SALSH2E42BA268370;

    b.    funds seized from Branch Banking and Trust Company (BB&T) account #1440, in the name of an individual identified herein as T.A.B.;

    c.    a money judgment in the amount of proceeds obtained through the wire fraud scheme and the interstate transportation of fraudulently obtained property and by the defendants, less proceeds obtained from directly forfeitable assets; and

    d.    a money judgment in the amount of property involved in the commission of violations if Title 18, United States Code, Section 1957, less proceeds obtained from directly forfeitable assets.

    3.    On May 14, 2015, the United States and defendant Geoffrey H. Lunn entered into a Plea Agreement, in which defendant Geoffrey H. Lunn agreed, *inter alia*, to plead guilty to Counts Eight and Forty-One, charging the defendant with wire fraud and engaging in monetary transactions in property derived from specified unlawful activity, respectively. (Doc. 82).

4. In his plea agreement, defendant Lunn also agreed to forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)[1] the following assets:

    a. a money judgment in the amount of $5,124,795.00, representing the proceeds obtained through the wire fraud scheme minus the returns of principal investment amounts to the victims;

    b. a 2011 Land Rover, Range Rover Sport Supercharged, VIN SALSH2E42BA268370;[2] and

    c. all funds seized from Branch Banking and Trust Company, account #1440, in the name of an individual identified as T.A.B..[3]  (Doc. 82).

5. On April 15, 2016, the Court entered an order partially consolidating the sentencings of Defendant Lunn and co-defendant Beebe, and ordering that after other sentencing issues had been addressed, all remaining issues concerning restitution and forfeiture as to each defendant would be addressed in a final joint and consolidated hearing. (Doc. 179). That restitution and forfeiture hearing is set for May 23, 2017. (Docs. 224, 225).

## II. Legal Argument

### A. Legal Authority

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),[4] the Court shall

---

[1] Although the United States also alleged forfeiture pursuant to the money laundering violations, the United States is only seeking forfeiture based on the violations of 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

[2] The seized Land Rover was processed for forfeiture administratively and sold in 2015.

[3] The defendant also agreed to forfeit approximately $20,000 in funds deposited into three offshore bank accounts held in the names of Matrix Holdings Gmbh, Concord Latin America, and Prime Western Group AG, which accounts were identified in pretrial discovery.  However, because these assets have not yet been located, the United States is not seeking a forfeiture order against them at this time.

order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 1343.

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as soon as practicable after a plea of guilty.

### B. Forfeiture Money Judgment

Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). As set forth in the Plea Agreement, the defendant and United States agree that $5,124,795.00 represents the amount of proceeds obtained, directly or indirectly, as a result of the counts of conviction minus the returns of principal investment amounts to them. This forfeiture money judgment should be joint and several with co-defendant Jaime J. Beebe, as they collaborated to collect over $5.8 million from investors.

### C. Direct Assets

In this case, the defendant also agreed to the forfeiture of the above-described properties as direct assets in partial satisfaction of the money judgment. Between February 2010 and February 2011, Geoffrey H. Lunn, and others participated in a

---

[4] Title 28, United States Code, section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire Fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961.

4

fraudulent investment scheme, through use of a fictitious business, which raised more than $5.8 million from approximately 80 investors throughout the United States and foreign countries. None of this money was invested by Lunn, despite his promises to investors. Indeed, as stated in his plea agreement, Lunn used investor funds to purchase the 2011 Land Rover and make large wire transfers to escorts' bank accounts. (Doc. 82 at p. 21). Funds held in BB&T account #1440 also represent such fraudulently obtained funds.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Forfeiture Money Judgment and Direct Assets tendered herewith, for the reasons set forth above.

DATED this 22nd day of May, 2017.

        Respectfully submitted,

        ROBERT C. TROYER
        Acting United States Attorney

By: s/ *Elizabeth M. Froehlke*
     Elizabeth M. Froehlke
     Assistant U.S. Attorney
     U.S. Attorney's Office
     1801 California Street, Suite 1600
     Denver, Colorado 80202
     Telephone: (303) 454-0100
     E-mail: elizabeth.froehlke@usdoj.gov
     *Attorney for the United States*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Harris
Edward_Harris@fd.org


and I hereby certify that on the same date as above, I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated above the nonparticipant's name:

Jaime Beebe
FCI Englewood
9595 W. Quincy Ave
Littleton, CO 80123
Fed Register # is 79601-051