AO 245C (Rev. 11/16)  Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Colorado

| UNITED STATES OF AMERICA | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| GEOFFREY H. LUNN | Case Number: 14-cr-00161-REB-01 |
| | USM Number: 40376-013 |
| | Edward Robin Harris |
| | Defendant's Attorney |

**Date of Original Judgment:** February 22, 2017
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim.P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to
   ☐ 28 U.S.C. § 2255 or  ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  8 and 41 of the Second Superseding Indictment.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 12/13/2010 | 8 |
| 18 U.S.C. § 1957 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 11/16/2010 | 41 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ The Indictment, Superseding Indictment and remaining Counts of the 2nd Superseding Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 24, 2017
Date of Imposition of Judgment

*/s/ Bob Blackburn*
Signature of Judge

Robert E. Blackburn, Senior United States District Judge
Name and Title of Judge

July 27, 2018
Date

AO 245C (Rev. 11/16) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: GEOFFREY H. LUNN | Judgment — Page 2 of 8 |
| CASE NUMBER: 14-cr-00161-REB-01 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

fifty-four (54) months as to Count 8; fifty-four (54) months as to Count 41, to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

that defendant be designated to a facility in the state of Colorado, preferably FCI Englewood or alternatively, FCC Florence.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2 p.m.   within 15 days of designation   .

    ☐ as notified by the United States Marshal.

    ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 11/16)  Amended Judgment in Criminal Case

Judgment — Page 3 of 8

DEFENDANT: GEOFFREY H. LUNN
CASE NUMBER: 14-cr-00161-REB-01

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  three (3) years, each count concurrent.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16)  Amended Judgment in Criminal Case

Judgment — Page 4 of 8

DEFENDANT:          GEOFFREY H. LUNN
CASE NUMBER:        14-cr-00161-REB-01

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.


## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____       Date _____

AO 245C  (Rev. 11/16)  Amended Judgment in Criminal Case

DEFENDANT: GEOFFREY H. LUNN
CASE NUMBER: 14-cr-00161-REB-01

Judgment — Page   5   of   8

# SPECIAL CONDITIONS OF SUPERVISION

1. If the defendant is deported, he shall not thereafter reenter the United States illegally.  If the defendant reenters the United States legally, he shall report to the nearest U.S. Probation Office within 72 hours of his return.

*If the defendant is not deported, he shall comply with the following additional conditions:*

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
3. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
4. If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.
5. The defendant shall document all income and compensation generated or received from any source and shall provide such information to the probation officer as requested.
6. The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.
7. The defendant shall not conduct any foreign financial transactions without the advance approval of the probation officer.
8. All employment for the defendant shall be approved in advance by the supervising probation officer.  The defendant shall not engage in any business activity unless the activity is approved by the probation officer.  Any approved business activity must operate under a formal, registered entity.  For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents.  The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer.  The defendant shall not cause or induce others to register business entities on his behalf.  For any approved business activity, the defendant shall maintain business records.  The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the probation officer.
9. The defendant shall not engage in employment in which he would solicit funds for investment or employment that would permit him to have custody and/or control over investor funds, and the defendant shall not be the signatory on any accounts possessing investor funds.
10. The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
11. You must provide the probation officer access to any requested financial information and authorize the release of any financial information until all financial obligations imposed by the Court are paid in full.
12. If the judgment imposes restitution, you must pay the restitution in accordance with the Schedule of Payments sheet of this judgment.  You must also notify the Court of any changes in economic circumstances that might affect your ability to pay the restitution.

DEFENDANT: GEOFFREY H. LUNN
CASE NUMBER: 14-cr-00161-REB-01

Judgment — Page 6 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 0.00 | $ 3,922,935.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Geraldine Kowalzyck | $81,000.00 | $81,000.00 | |
| Debbie Welch | $20,000.00 | $20,000.00 | |
| Catherine Anderson | $20,000.00 | $20,000.00 | |
| Paul Easley | $44,000.00 | $44,000.00 | |
| Virgil Trower | $11,000.00 | $11,000.00 | |
| Thomas & Laura Blong | $11,000.00 | $11,000.00 | |
| John (Hank) Hofford | $44,000.00 | $44,000.00 | |
| Michael Kaplan | $11,000.00 | $11,000.00 | |
| Victoria Kummer | $11,000.00 | $11,000.00 | |
| Daniel Skeba | $11,000.00 | $11,000.00 | |
| James Dautel | $11,000.00 | $11,000.00 | |
| Arthur Carpenter, Jr. | $44,000.00 | $44,000.00 | |
| Todd Teich | $44,000.00 | $44,000.00 | |
| Seth Henry | $44,000.00 | $44,000.00 | |
| Janet Bhoopsing | $88,000.00 | $88,000.00 | |

*See additional payees attached*

| **TOTALS** | $ 3,922,935.00 | $ 3,922,935.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 8

DEFENDANT: GEOFFREY H. LUNN
CASE NUMBER: 14-cr-00161-REB-01

## ADDITIONAL RESTITUTION PAYEES*

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Margaret Kelley | $4,763.20 | $4,763.20 | |
| Traci Williams | $4,763.20 | $4,763.20 | |
| Jonathan Stewart | $8,574.20 | $8,574.20 | |
| Lawrence Lovett | $9,526.20 | $9,526.20 | |
| Bruce Bower | $16,373.20 | $16,373.20 | |
| Steven Tschudy | $44,000.00 | $44,000.00 | |
| Mark Scheller | $20,000.00 | $20,000.00 | |
| Robert T. Bobbit, Jr. | $9,000.00 | $9,000.00 | |
| Daniel Krizak | $44,000.00 | $44,000.00 | |
| Craig B. Simmons, DDS | $44,000.00 | $44,000.00 | |
| Farrald Belote | $22,000.00 | $22,000.00 | |
| Rick Vanderslice | $22,000.00 | $22,000.00 | |
| Mervyn DeFour | $44,000.00 | $44,000.00 | |
| Ursula Hoeller, payable to: Caitlen Gerard | $44,000.00 | $44,000.00 | |
| James E. King | $44,000.00 | $44,000.00 | |
| Matthew Chabot | $55,000.00 | $55,000.00 | |
| Melissa Meade | $55,000.00 | $55,000.00 | |
| Craig Massyn | $43,955.00 | $43,955.00 | |
| Brian & Churee Bules | $10,000.00 | $10,000.00 | |
| Churee Bules | $20,000.00 | $20,000.00 | |
| Brian Bules | $15,000.00 | $15,000.00 | |
| Jonathan Edradan | $30,000.00 | $30,000.00 | |
| Ken Chung | $249,990.00 | $249,990.00 | |
| Verla Rammelsberg | $55,000.00 | $55,000.00 | |
| *Edwina Mobley Talley | $55,000.00 | $55,000.00 | |
| Phillip Stavrakis | $44,000.00 | $44,000.00 | |
| Paul Chandler & Michael Simmons, payable to: Demelza Holding | $1,000,000.00 | $1,000,000.00 | |
| Josephine Vincencio | $300,000.00 | $300,000.00 | |
| Stephen Hand | $60,000.00 | $60,000.00 | |
| Williams Gary Malouf | $60,000.00 | $60,000.00 | |
| Dale Schueller | $100,000.00 | $100,000.00 | |
| Bill Myers, payable to: Kathy Myers | $44,000.00 | $44,000.00 | |
| Mary A. Elson | $59,990.00 | $59,990.00 | |
| Matthew Ginalick | $60,000.00 | $60,000.00 | |
| Terry M. Rose, payable to: Carolyn Rose | $100,000.00 | $100,000.00 | |
| Eva C. Thorne, Madge Wilder & Nicole Thorne Jenkins, Trustees, payable to: Thorne Farm Property Trust | $150,000.00 | $150,000.00 | |
| David Howard & Edwin Howard | $60,000.00 | $60,000.00 | |
| Derrick Quals | $55,000.00 | $55,000.00 | |
| Calvin R. White, Sr. | $245,000.00 | $245,000.00 | |
| James Kincannon | $60,000.00 | $60,000.00 | |
| Lawrence Derx, payable to: Betty Derx | $60,000.00 | $60,000.00 | |
| **TOTALS** | **$3,922,935.00** | **$3,922,935.00** | |

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: | GEOFFREY H. LUNN |
| CASE NUMBER: | 14-cr-00161-REB-01 |

Judgment — Page 8 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

   The special assessment and restitution obligation are due immediately. Any unpaid monetary obligations upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Jaimie J. Beebe, 14-cr-00161-REB-02, total amount of $3,841,935 owed Joint and Several with all payees except Geraldine Kowalzyck, whose restitution is the sole responsibility of this defendant, Geoffrey H. Lunn.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Personal money judgment in the amount of $5,124,795 (Joint and Several with codefendant Jaimie J. Beebe), and the following direct assets: funds seized from Branch Banking and Trust Company (BB&T) account no. 1440, in the name of an individual identified as T.A.B. Such forfeiture shall apply to the personal money judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.